UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>OPK BIOTECH, LLC<br><br>Debtor. | Chapter 7<br>Case No. 14-11870-JNF |

**APPLICATION OF CHAPTER 7 TRUSTEE FOR ORDER
AUTHORIZING RETENTION OF COUNSEL**

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

Harold B. Murphy, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above referenced Debtor (the "Debtor"), respectfully requests that this Court enter an order authorizing the retention of the law firm of Murphy & King, Professional Corporation ("M&K"), as his counsel pursuant to Section 327 of the United States Bankruptcy Code, Fed. R. Bankr. P. 2014 and MLBR 2014-1. In further support hereof, the Trustee states as follows:

1. On April 25, 2014, certain creditors (the "Petitioning Creditors") filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code").

2. On May 20, 2014 (the "Petition Date"), an order for relief was entered agaisnt the Debtor.

3. The Trustee is the duly appointed Chapter 7 Trustee of the Estate.

4. The Trustee requests authority to retain M&K as his attorneys under a general retainer for services to be rendered regarding the following:

    a.    Consultation with the Trustee concerning all matters relating to the administration of the Estate;

    b.    Providing assistance to the Trustee in preparing the motions, notices, complaints, and any other pleadings and documents that must be prepared or reviewed by an attorney and which are necessary to the administration of this case;

    c.    Directing the activities of accountants or other professionals that are retained during these proceedings;

    d.    Negotiating and documenting the sale of assets of the Debtor and preparing such motions and notices as are required in connection herewith;

    e.    Assisting the Trustee in determining the existence of avoidable transfers and pursuing the avoidance and recovery of such transfers;

    f.    Analyzing and determining the validity, status and priority of claims asserted against the Debtor's bankruptcy Estate; and

    g.    Performing all other legal services for the Trustee which may be appropriate in connection with this case.

5.    M&K has substantial experience in bankruptcy proceedings and has the varied and substantial resources necessary to advise the Trustee in the performance of his duties with respect to this proceeding.

6.    To the best of the Trustee's knowledge, information and belief, no member of M&K has any connection with the Debtor, the Debtor's creditors or any other party in interest, its respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee, except that M&K may have or had involvement with certain creditors or their counsel in unrelated proceedings. As is set forth in the affidavit filed herewith, each member of M&K is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

WHEREFORE, the Trustee respectfully requests that this Court issue an order authorizing the Trustee to retain M&K as his counsel, and granting to the Trustee such other and further relief this Court deems necessary.

        HAROLD B. MURPHY,
        CHAPTER 7 TRUSTEE

        By his proposed counsel,

        /s/ Kathleen R. Cruickshank
        Kathleen R. Cruickshank (BBO #550675)
        MURPHY & KING
        Professional Corporation
        One Beacon Street
        Boston, MA 02108
        Tel: (617) 423-0400
        Email: kcruickshank@murphyking.com

DATED: June 4, 2014

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>OPK BIOTECH, LLC<br><br>Debtor. | Chapter 7<br>Case No. 14-11870-JNF |

**AFFIDAVIT OF HAROLD B. MURPHY IN SUPPORT OF APPLICATION BY CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING RETENTION OF COUNSEL**

Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), MLBR 2014-1 and 28 U.S.C. § 1746, I, Harold B. Murphy, being duly sworn, hereby state as follows:

1. I am a shareholder of the law firm of Murphy & King, Professional Corporation, One Beacon Street, Boston, Massachusetts ("M&K"). I make this affidavit (the "Affidavit") in connection with the *Application of Chapter 7 Trustee for Order Authorizing Retention of Counsel* (the "Application") in the above-referenced Chapter 7 proceeding.

2. I am the duly appointed Chapter 7 Trustee (the "Trustee") in the above captioned case, having been appointed on May 20, 2014.

3. I am generally familiar with the business of M&K and have made inquiry concerning the facts set forth herein prior to making this Affidavit.

4. The Debtor has not filed Schedules or a matrix of creditors. For purposes of this Affidavit, I have obtained a copy of the Debtor's most recent accounts payable listing and have reviewed the limited matrix filed by the Petitioning Creditors.

5. M&K maintains records of all of its clients, the matters on which it represents its clients, and the other parties which have a substantial role in such matters. M&K has reviewed

such records and documents to determine M&K's connections with the Debtor.[1]

6. Upon information and belief, in accordance with Fed. R. Bankr. P. 2014(a) and MLBR 2014-1, neither I nor any shareholder of M&K has any connections or relationships with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, except as follows:

(a) M&K represents NSTAR, an unsecured creditor of the Debtor, in matters unrelated to this case.

(b) M&K has represented Comcast, an unsecured creditor of the Debtor, in matters unrelated to this case.

(c) Prior to the Petiton Date, Verdolino & Lowey, P.C. ("V&L") was retained by the Debtor to act as a wind down consultant. Harold B. Murphy, a partner at M&K, has retained V&L as his accountants in numerous unrelated cases in which he serves as a chapter 7 or chapter 11 trustee. V&L also has served and does serve as accountants in cases in which M&K represents a debtor or a committee of unsecured creditors. M&K has also represented Craig Jalbert of V&L in various state court proceedings in which he serves in a fiduciary capacity.

7. M&K does not represent, nor is it represented by, any other authorized professional specifically in connection with this case or on a regular basis or in connection with an extensive matter in another case.

8. Insofar as I have been able to ascertain, M&K, its shareholders, associates and I do not hold or represent any interest adverse to that of the Debtor's bankruptcy estate.

---

[1] In reviewing its records and the relationships of its attorneys, M&K did not seek information as to whether any M&K attorney or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or similar public investment, securities of any party in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest. If such relationship does exist, I do not believe it would impact upon my or M&K's disinterestedness or otherwise give rise to a finding that I or M&K hold an interest adverse to the Debtor or any party in interest.

2

9. I believe that both M&K and I are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code. Furthermore, insofar as I have been able to ascertain, neither M&K, any shareholder or associate thereof, nor myself, is connected with any Bankruptcy Judge in the District of Massachusetts, or the United States Trustee or any person employed in the office of the United States Trustee, so as to render the retention of M&K as counsel to the Trustee inappropriate under Fed. R. Bankr. P. 5002(b).

10. M&K and I have conducted, and will continue to conduct, research into any relationships that M&K may have with the Debtor and its creditors, any accountants, attorneys or other professionals of the foregoing, and any other parties interested in this case. Although M&K has undertaken, and will continue to undertake, an investigation to identify any contacts with the Debtor or parties in interest, it is possible that such contacts have not been discovered. To the extent any such contacts are discovered, M&K will notify the Court by filing and serving a supplemental affidavit.

11. Any compensation, fee or allowance which may be claimed by me or by M&K will belong wholly to the law firm and will not be divided, shared or pooled, directly or indirectly, with any other person or firm.

12. Neither I nor M&K have been paid a retainer in this matter.

13. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstances relating thereto.

14. During the period of M&K's retention as counsel to the Trustee, neither I nor M&K will hold any interest adverse to the interest of the Debtor's estate, and will not cease to be a disinterested person, as defined in 11 U.S.C. § 101.

15. I have reviewed the provisions of MLBR 2016-1.

3

      I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

                                    /s/ Harold B. Murphy
                                    Harold B. Murphy

Dated: June 4, 2014

4

**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In Re:<br><br>**OPK BIOTECH, LLC**<br><br>Debtor. | Chapter 7<br>Case No. 14-11870-JNF |

## DECLARATION REGARDING ELECTRONIC FILING

I, Harold B. Murphy, hereby declare under penalty of perjury that all of the information contained in the *Affidavit of Harold B. Murphy in Support of Application by Chapter 7 Trustee for Order Authorizing Retention of Counsel*, filed electronically is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Affidavit. I understand that failure to file this DECLARATION may cause the Affidavit to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Signed: _____
Harold B. Murphy (BBO #326610)
MURPHY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108
Tel: (617) 423-0400
Email: *hmurphy@murphyking.com*

Dated: June 4, 2014

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re: )<br>)<br>) | Chapter 7 |
| OPK BIOTECH, LLC ) | Case No. 14-11870-JNF |
| )<br>Debtor. )<br>) | |

### CERTIFICATE OF SERVICE

I, Kathleen R. Cruickshank, hereby certify that on June 4, 2014, I caused a copy of the (1) *Application of Chapter 7 Trustee for Order Authorizing Retention of Counsel*; (2) *Affidavit of Harold B. Murphy in Support of Application by Chapter 7 Trustee for Order Authorizing Retention of Counsel*; and (3) *Declaration of Electronic Filing* to be served via the Court's CM/ECF system, electronic mail and/or first class mail, postage prepaid to the parties on the attached service list.

HAROLD B. MURPHY,
CHAPTER 7 TRUSTEE

By his proposed counsel,

/s/ Kathleen R. Cruickshank
Kathleen R. Cruickshank (BBO #550675)
MURPHY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108
Tel: (617) 423-0400
Email: kcruickshank@murphyking.com

DATED: June 4, 2014
670396

5

**OPK BIOTECH, LLC**
**SERVICE LIST**

**BY CM/ECF:**

- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Leonard A. Frisoli    laf@frisolilaw.com
- David B. Madoff    madoff@mandkllp.com, alston@mandkllp.com

**BY U.S. MAIL:**

OPK Biotech, LLC
c/o CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110