UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In Re:<br><br>OPK BIOTECH, LLC<br><br>Debtor. | Chapter 7<br>Case No. 14-11870-JNF |

## MOTION BY CHAPTER 7 TRUSTEE TO CONDUCT RULE 2004 EXAMINATION OF VERDOLINO & LOWEY, P.C.
*(Expedited Determination Requested)*

Harold B. Murphy, the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of OPK Biotech, LLC (the "Debtor"), moves for the entry of an order authorizing the Trustee to issue a subpoena upon and, if necessary, conduct an examination of Verdolino & Lowey, P.C. ("V&L") pursuant to Rules 2004 and 7030 of the Federal Rules of Bankruptcy Procedure.

The Trustee seeks relief on an expedited basis due to the fact that the Debtor, which is in a Chapter 7 as the result of an involuntary bankruptcy petition filed by creditors, has failed to enter an appearance through counsel or to comply with the Court's orders regarding, among other things, the filing of a matrix, Schedules and a Statement of Financial Affairs. The Trustee requires access to the Debtor's financial information on an expedited basis. V&L was employed by the Debtor prior to the filing of the involuntary petition and is in possession of documents which are critical to the Trustee in his administration of the case. In further support of this motion, the Trustee states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The basis for the relief requested in this motion are Rule 2004 and 7030 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3.  On April 25, 2014, certain creditors (the "Petitioning Creditors") filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code"). On May 20, 2014 (the "Petition Date"), an order for relief was entered against the Debtor.

4.  Harold B. Murphy is the duly appointed Chapter 7 trustee of the Debtor.

5.  The Debtor was in the business of developing pharmaceuticals known as oxygen therapeutics that are intravenously administered to deliver oxygen to the body's tissues.

6.  The Debtor maintained offices and a manufacturing facility in Cambridge, Massachusetts.

7.  Upon information and belief, prior to the Petition Date, the Debtor maintained an interest in (i) a lease for the premises at 31-39 Hurley Street and 16-26 Spring Street, Cambridge, Massachusetts and 11 Hurley Street (the "Premises"); (b) certain furniture, fixtures and equipment maintained at the Premises; and (c) certain intangible assets, including domestic and international intellectual property, such as registered trademarks, which are related to its development of oxygen therapeutics.

## RELIEF REQUESTED

8.  The Trustee seeks the production of records from V&L relating to the Debtor's financial affairs and the operation of its business.

9.  Federal Rule of Bankruptcy Procedure 2004 provides that upon motion of any party in interest, the Court may order the examination of any entity. The only limitation is that such examination may relate only to the "acts, conduct, or property or to the liabilities and financial

condition of the debtor, or to any matter which may affect the administration of the debtor's estate..." Fed. R. Bankr. Proc. 2004(b). The scope of such an examination is akin to a fishing expedition. *See In re Duratech Industries, Inc.*, 241 B.R. 283 (E.D.N.Y. 1999). Pursuant to Fed.R.Civ.P. 30(b)(6), made applicable by Fed.R.Bankr.P. 7030, V&L must designate a person or persons to testify on its behalf.

10. Through the production of records requested in this motion, the Trustee seeks to obtain records of the Debtor for the purposes of administering the Debtor's case, including but not limited to: (i) books and records of the Debtor; (ii) all emails and correspondence; (iii) the Debtor's 401(k) plan; (iv) leases to which the Debtor is a party; (v) intellectual property owned by the Debtor; (vi) employment agreements; and (vii) all electronically stored information relating to the Debtor and the operation of its business. Accordingly, the examination of V&L is within the scope of Rule 2004.

### REQUEST FOR EXPEDITED DETERMINATION

11. Pursuant to MLBR 9013-1(g), in order to expeditiously obtain information related to the Debtor, the Trustee seeks authority to issue a subpoena upon of V&L, and if necessary, conduct the deposition of V&L on an expedited basis.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

(i) allowing this motion;

(ii) authorizing the Trustee to subpoena the documents scheduled on <u>Exhibit A</u> and to compel V&L to produce these documents for inspection and copying by delivering them to Murphy & King, P.C., One Beacon Street, Boston, MA 02108, within three (3) days of the approval of the motion;

(iii) authorizing the Trustee to compel V&L to produce for inspection and copying any additional documents he deems necessary to complete his administration of the case by delivering them to the undersigned upon five (5) days notice;

(iv)    if necessary, requiring V&L to designate a person or persons to attend a deposition upon five (5) days notice or on such date as agreed to by the parties; and

(iv)    granting such further relief as the Trustee deems just and proper.

    HAROLD B. MURPHY, CHAPTER 7 TRUSTEE OF OPK BIOTECH, LLC

By his attorneys,

/s/ Kathleen R. Cruickshank
Harold B. Murphy (BBO #362610)
Kathleen R. Cruickshank (BBO #550675)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA 02108
Telephone: (617) 423-0400
Facsimile: (617) 423-0498
Email: krc@murphyking.com

Dated: June 4, 2014

# EXHIBIT "A"

V&L is requested to produce the following documents for inspection and copying at the offices of Murphy & King, P.C., located at One Beacon Street, Boston, Massachusetts 02108:

## A. DEFINITIONS AND INSTRUCTIONS

A. *Affiliate* means, as to any specified person or entity, each person or entity that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, such specified person or entity.

B. *Bank Accounts* shall all bank accounts or certificates of deposit in the name of OPK Biotech, LLC.

C. *Communication* is defined to be synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.5(c)(1) and shall include the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in any form or medium.

D. *Concerning* is defined to be synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.5(c)(7) and shall mean relating to, referring to, describing, evidencing or constituting.

E. *Correspondence* means any letter, telegram, telex, notice, message, memorandum, or other written communication or transcription or notes of a communication.

F. *OPK* means OPK Biotech, LLC, including all of its officers, directors, employees, representatives, partners, parents, subsidiaries and affiliates, including, but not limited to the affiliate of OPK Biotech, LLC that purchased a 50% general partnership interest in 11 Hurley Street Associates from Biopure, LLC on or about August 20, 2009.

G. *Document* means the original (or, if the information called for cannot be provided or referred to in the original, then each and every non-identical copy of the original) of any writing, graphic matter, or other medium upon which intelligence or information can be recorded or retrieved, correspondence, notes, interoffice and intra-office communications, circulars, announcements, directories, declarations, filings, memoranda, agreements, contracts, legal instruments, reports, studies, work papers, records, instructions, specifications, notes, notebooks, scrapbooks, diaries, minutes, minutes of meetings, calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, accounts, journals, ledgers, bills, invoices, checks, receipts and the like, motion pictures, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, sound recordings, and any other retrievable data (whether encoded, taped, punched, or coded, either electrostatically, electromagnetically, on computer, or otherwise), in your possession, custody, or control or known to you wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials,

underscoring, indication of routing, or other material contained in that document or attached to that document, or otherwise), and whether a draft or a final version. Document is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

**NB**. The term *document* expressly encompasses both paper-based documents, and documents maintained on electronic, magnetic or other non-paper media, including those resident on computer servers, desktop hard drives and back-up or archive tapes.

H. *Hurley Street* means 11 Hurley Street Associates.

I. *Relating* means referring to, describing, evidencing or constituting.

J. *Subsidiary* means, with reference to any specified person or entity, any corporation, partnership, limited liability company or other legal entity, of which the specified person or entity owns, directly or indirectly, 50% or more of the stock or other equity or beneficial interests, the holders of which are generally entitled to vote for the election of the board of directors or other governing body of such corporation or other legal entity.

K. In the event that you object on privilege grounds to any request, or sub-part thereof, you are directed to provide a privilege log concurrently with your objection.

## B.     REQUESTS

1.     All documents, including but not limited to emails, correspondence, phone records and cellular phone records concerning OPK and Hurley Street.

2.     All electronically stored information concerning the Debtor, Hurley Street, the Affiliates and the Subsidiaries.

3.     Copies of any and all statements for all savings, checking, investment and 401(k) accounts for each and every month, including copies of cancelled checks, debit memoranda, wire reports and deposit slips for all such bank, investment and pension/retirement plan accounts in the name of OPK and/or Hurley Street.

4.     Copies of all of OPK's and/or Hurley Street's disbursement registers for each and every bank, investment and pension/retirement plan account, which disbursement registers should include: a) checks, debit memoranda, wire transfers, intercompany transfers; b) the recipient of the disbursement; c) the date of the disbursement; d) the amount of the disbursement; e) the invoice(s), loan number(s) or purchase order(s) to which they pertain and f) the nature of the disbursement.

5.     For the bank accounts and the periods set forth in Request No. 2, copies, including front, back and the name of the clearinghouse bank, of any and all bank checks, certified checks, cashier's checks, money order, wire transfer receipts, and/or other negotiable drafts drawn on any of the bank accounts maintained or formerly maintained by OPK and/or Hurley Street.

6.     All documents that contain financial information including, but not limited to: vendor invoices, journals, books, records, work papers or ledgers wherein there are statements or recordings regarding the affairs of OPK and/or Hurley Street, including, but not limited to: debt

information, cash receipts information, cash disbursement information, asset information and liability information.

7. Trial balances and detailed electronic general ledgers for each year end and year to date in the current year for OPK and/or Hurley Street.

8. All federal and state tax returns – payroll, income, excise, property or otherwise, of OPK and/or Hurley Street.

9. All audited, reviewed, compiled or internal financial statements for OPK, the Affiliates, the Subsidiaries and/or Hurley Street.

10. Copies of all year-end W-2s issued to employees of OPK and/or Hurley Street and the associated W-3s.

11. Copies of all 1099 statement issued to the Debtor and/or Hurley Street.

12. All monthly, quarterly and annual intercompany reconciliations among the Debtor, Hurley Street, the Affiliates and the Subsidiaries.

13. Copies of all loan documents that were in existence two years prior to the Petition Date, to which the Debtor and/or Hurley Street was a party, including all loan statements as to proceeds from loans and repayments of same with or to any bank, financial institution or individual.

14. Copies of all pension/retirement plan documents for OPK's employees, including any agreements, plan documents, annual summaries, and year end participant account balances.

15. All leases and contracts to which OPK and/or Hurley Street is or was a party.

16. All communications and documents relating to any and all intellectual property owned by OPK and/or Hurley Street, including with attorneys and/or the Affiliates and the Subsidiaries, including but not limited to patents, trademarks, and registrations, whether domestic or international.

17. Appraisals for all real property in which OPK and/or Hurley Street holds an ownership interest.

18. All communications with and documents concerning Hurley Street.

19. All communications with and documents concerning the Affiliates and the Subsidiaries.

*670485*

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) <br> ) <br> ) **Chapter 7** <br> OPK BIOTECH, LLC ) **Case No. 14-11870-JNF** <br> ) <br> **Debtor.** ) <br> ) | |

### CERTIFICATE OF SERVICE

I, Kathleen R. Cruickshank, hereby certify that on June 4, 2014, I caused a copy of the *Motion by Chapter 7 Trustee to Conduct Rule 2004 Examination of Verdolino & Lowey, P.C. (Expedited Determination Requested)* to be served via the Court's CM/ECF system, electronic mail and/or first class mail, postage prepaid to the parties on the attached service list.

HAROLD B. MURPHY,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Kathleen R. Cruickshank
Kathleen R. Cruickshank (BBO #550675)
MURPHY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108
Tel: (617) 423-0400
Email: *kcruickshank@murphyking.com*

DATED: June 4, 2014
670604

**OPK BIOTECH, LLC**
**SERVICE LIST:**

**BY CM/ECF:**

- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Leonard A. Frisoli    laf@frisolilaw.com
- David B. Madoff    madoff@mandkllp.com, alston@mandkllp.com

**BY U.S. MAIL:**

OPK Biotech, LLC
c/o CT Corporation System
155 Federal Street, Suite 700
Boston, MA  02110