UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| OPK BIOTECH, LLC ) | Case No. 14-11870-JNF |
| ) | |
| Debtor. ) | |

## APPLICATION TO EMPLOY ARGUS MANAGEMENT CORPORATION AS FINANCIAL ADVISORS TO THE CHAPTER 7 TRUSTEE

Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1, Harold B. Murphy, the Chapter 7 Trustee (the "Trustee") of OPK Biotech, LLC, the above-captioned debtor (the "Debtor"), respectfully requests that this Court enter an order authorizing the Trustee to retain Argus Management Corporation ("Argus") as its financial advisors in this Chapter 7 case. In further support of this application, the Trustee respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider and determine this application pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Section 327(a) of the Bankruptcy Code and Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On April 25, 2014, certain creditors (the "Petitioning Creditors") filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code").

4. On May 20, 2014 (the "Petition Date"), an order for relief was entered agaisnt the Debtor.

5. The Trustee is the duly appointed Chapter 7 Trustee of the Estate.

6. The Debtor, which is in a Chapter 7 as the result of an involuntary bankruptcy petition filed by creditors, has failed to enter an appearance through counsel or to comply with the Court's orders regarding, among other things, the filing of a matrix, Schedules and a Statement of Financial Affairs.

7. The Debtor was in the business of developing pharmaceuticals known as oxygen therapeutics that are intravenously administered to deliver oxygen to the body's tissues.

8. The Debtor maintained offices and a manufacturing facility in Cambridge, Massachusetts.

9. Upon information and belief, prior to the Petition Date, the Debtor maintained an interest in (i) a lease for the premises at 31-39 Hurley Street and 16-26 Spring Street, Cambridge, Massachusetts and 11 Hurley Street (the "Premises"); (b) certain furniture, fixtures and equipment maintained at the Premises; and (c) certain intangible assets, including domestic and international intellectual property, such as registered trademarks, which are related to its development of oxygen therapeutics.

10. The Trustee is in the process of obtaining financial information pertaining to the Debtor and intends to offer the Debtor's tangible and intangible assets for sale to interested parties.

## RETENTION OF ARGUS

11. Subject to the approval of this Court, the Trustee has selected Argus to serve as his financial advisors in this Chapter 7 case. Accordingly, the Trustee respectfully requests the entry of an order authorizing him to employ and retain Argus, subject to Sections 327(a) and 328 of the Bankruptcy Code and Rules 2014 and 2106 of the Federal Rules of Bankruptcy Procedure.

12. Argus' personnel have special expertise in bankruptcy and corporate reorganizations and liquidations, as financial and operational consultants performing business turnarounds and sales and liquidations of distressed companies. The Trustee has selected Argus to act as financial advisors in this case based upon Argus' extensive knowledge and experience in bankruptcy, corporate reorganization, turnarounds and liquidations.

13. The Trustee proposes to retain Argus to render various services, including, without limitation, the following:

    a. Consulting with the Trustee and his counsel with respect to the development and implementation of a plan to liquidate the Debtor's tangible and intangible assets;

    b. Preparing or coordinating the preparation of such analyses and reports as may be requested or required by the Trustee, the Court, or bidders for the assets of the Debtor;

    c. Conducting a forensic analysis of the Debtor's books and records as may be required by the Trustee;

    d. Performing or coordinating the performance of an analysis of potential avoidance actions under Chapter 5 of the Bankruptcy Code;

    e. Preparing or coordinating the preparation of schedules and assets and liabilities of the Company as may be requested by the Trustee;

    f. Assisting in any negotiations with potential purchasers of assets of the Debtor;

    g. Preparing tax returns for the Estate;

    h. Assisting and advising the Trustee with respect to the termination of the Debtor's 401(k) plan; and

    i.    Performing such other professional services as may be requested by the Trustee in order to facilitate the Trustee's liquidation of assets.

14. Argus has the requisite experience and financial and bankruptcy expertise to provide the services required by the Trustee.

15. Argus will seek compensation based upon its normal and usual hourly billing rates, and will seek reimbursement of expenses. From time to time, Argus adjusts it usual hourly billing rates in the ordinary course of its business. In the event of such an adjustment, Argus will seek compensation at the adjusted hourly rate from and after the date of the adjustment.

16. Argus will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of services rendered. Argus reserves its right to seek an enhancement of its fees or a lodestar award greater than its normal hourly time charges, subject to this Court's approval in accordance with applicable law.

17. Argus has not received a retainer in connection with this matter.

18. All compensation and expense reimbursement for Argus shall be subject to allowance by this Court upon appropriate application pursuant to Sections 330 and 331 of the Bankruptcy Code and any orders of this Court.

### DISINTERESTEDNESS OF ARGUS

19. Argus has filed the affidavit of John G. Haggerty in connection with this application and in accordance with Federal Rules of Bankruptcy Procedure 2014 and 2016, and MLBR 2014-1 (the "Affidavit").

20. To the best of the Trustee's knowledge, Argus has not represented, nor does it now represent, any interest adverse to the Trustee or the Estate with respect to the matters on which Argus is to be employed. Argus and its principals and employees are otherwise

4

disinterested persons with respect to the Trustee and the Estate, as that term is defined in the Bankruptcy Code.

21. Argus will further amend or supplement the Affidavit to any extent necessary.

## NOTICE

22. As indicated herein, the Debtor has not filed a matrix or Schedules of Assets and Liabilities. The Trustee shall serve notice of this motion on the twenty largest creditors of the Debtor as set forth in the accounts payable listing obtained by the Trustee, upon the United States Trustee and any parties in interest known to the Trustee.

**WHEREFORE**, the Trustee requests that this Court enter an Order: (a) authorizing the employment and retention of Argus as financial advisors to the Trustee, on the terms set forth in this Application; and (b) granting to the Trustee such other and further relief as the Court deems just and proper in the circumstances.

Respectfully submitted,

HAROLD B. MURPHY, CHAPTER 7 TRUSTEE
OF OPX BIOTECH, LLC

By his attorneys,

/s/ Kathleen R. Cruickshank
Harold B. Murphy (BBO #362610)
Kathleen R. Cruickshank (BBO #550675)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA 02108
Telephone: (617) 423-0400
Facsimile: (617) 423-0498
Email: kcruickshank@murphyking.com

Dated: June 12, 2014

670941

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| OPK BIOTECH, LLC ) | Case No. 14-11870-JNF |
| ) | |
| Debtor. ) | |
| ) | |

**AFFIDAVIT OF JOHN HAGGERTY IN SUPPORT OF
APPLICATION TO EMPLOY ARGUS MANAGEMENT CORPORATION AS
FINANCIAL ADVISORS TO THE CHAPTER 7 TRUSTEE**

Pursuant to Fed. R. Bankr. P. 2014(a) and 2016, MLBR 2014-1, and 28 U.S.C. § 1746, I, John Haggerty, hereby state as follows:

1.  I am a principal of Argus Management Corporation, 15 Keith Hill Road, Grafton, Massachusetts ("Argus"). I make this affidavit (the "Affidavit") in support of the *Application to Employ Argus Management Corporation as Financial Advisors to the Chapter 7 Trustee* (the "Application") filed by Harold B. Murphy, the duly appointed Chapter 7 Trustee (the "Trustee") of the above-referenced debtor (the "Debtor"). I am generally familiar with the business of Argus and have made inquiry concerning the facts set forth herein prior to making this Affidavit.

2.  Argus maintains records of all of its clients, the matters on which it represents its clients, and the other parties which have a substantial role in such matters. The Debtor has not filed schedules or a matrix of creditors. For the purposes of this Affidavit, Argus has reviewed the Debtor's most recent accounts payable listing and has reviewed the matrix filed by the petitioning creditors to determine Argus' connections with the Debtor and creditors of the Debtor.

3.Based upon my review as described in this affidavit, in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, neither I nor any shareholder or associate of Argus, insofar as I have been able to ascertain, has any connections or relationships with the Trustee, the Debtor, its creditors or any other parties-in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee except as disclosed or described herein. The Trustee has employed Murphy & King, Professional Corporation ("M&K") as his counsel in this Chapter 7 case. Argus has been retained in matters in which M&K has been or is involved, or in other cases in which Argus has represented other parties-in-interest, including but not limited to: <u>SW Boston Hotel Venture LLC, et. al.</u>, <u>In re GPX International Tire Corporation</u>, <u>In re The Ground Round, Inc., et al.</u> and <u>In re Gitto/Global Corporation</u>.

4.Because of the size and diversity of Argus' practice, it is possible that Argus may represent or may have represented other creditors, equity security holders, or parties-in-interest or their respective attorneys and accountants, but does not represent any such entity in connection with this case. With respect to the party listed above, Argus has not and will not represent such parties in any matters related to the Estate.

5.Argus does not represent, nor is it represented by, any other authorized professional specifically in connection with this case or on a regular basis or in connection with a substantial matter in another case.

6.The Trustee may retain various professionals during the pendency of this case. Argus will take steps not to unnecessarily duplicate the efforts of any other professional retained in this case. In that regard, Argus will coordinate with all other professionals retained in this

case to ensure that Argus does not unnecessarily duplicate work being performed by other professionals.

7. Insofar as I have been able to ascertain, based on the review as described above, Argus, the shareholders and associates thereof do not hold or represent any interest adverse to that of the Estate. Notwithstanding the disclosure contained in paragraph three, I believe that I and each shareholder and associate of Argus is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14). Furthermore, insofar as I have been able to ascertain, neither Argus nor any shareholder or associate thereof is connected with any Bankruptcy Judge in the District of Massachusetts, or the United States Trustee or any person employed in the Office of the United States Trustee, so as to render the appointment of Argus as financial advisor to the Trustee inappropriate under Fed. R. Bankr. P. 5002(b).

8. Argus and I have conducted, and will continue to conduct, research into any relationships we may have with the Estate, the Debtor and its creditors, any accountants, attorneys or other professionals of the foregoing, and any other parties interested in this case. Although Argus has undertaken, and will continue to undertake, an investigation to identify any contacts with the Trustee, the Debtor, its creditors, or parties-in-interest, it is possible that such contacts have not been revealed. To the extent any such contacts are discovered, Argus will notify the Court by filing and serving a supplemental affidavit.

9. Any compensation, fee or allowance which may be claimed by me or by Argus will belong wholly to the law firm and will not be divided, shared or pooled, directly or indirectly, with any other person or firm.

10. Argus will seek compensation based upon its normal and usual hourly billing rates, and will seek reimbursement of expenses. From time to time, Argus adjusts its usual

3

hourly billing rates in the ordinary course of its business. In the event of such an adjustment, Argus will seek compensation at the adjusted hourly rate from and after the date of the adjustment.

11.    Argus has not received a retainer in connection with this matter.

12.    I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstances relating thereto.

13.    I have reviewed the provisions of MLBR 2016-1.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

                                       /s/ *John G. Haggerty*
                                       John G. Haggerty
                                       Argus Management Corporation
                                       15 Keith Hill Road
                                       Grafton, Massachusetts 01519
                                       Tel: (508) 838-1828

Dated: June 11, 2014

670943

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| OPK BIOTECH, LLC ) | Case No. 14-11870-JNF |
| ) | |
| Debtor. ) | |

## DECLARATION REGARDING ELECTRONIC FILING

I, Jacqueline Savage, hereby declare under penalty of perjury that all of the information contained in the *Affidavit of John Haggerty in Support of Application to Employ Argus Management Corporation as Financial Advisors to the Chapter 7 Trustee* (the "Document"), filed electronically is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Documents. I understand that failure to file this DECLARATION may cause the Documents to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Signed: _____
John Haggerty

Dated: June 12, 2014
670946-v1

**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| OPK BIOTECH, LLC ) | Case No. 14-11870-JNF |
| ) | |
| Debtor. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I, Kathleen R. Cruickshank, hereby certify that on June 12, 2014, I caused a copy of the *Application to Employ Argus Management Corporation as Financial Advisors to the Chapter 7 Trustee* to be served via the Court's CM/ECF system, electronic mail and/or first class mail, postage prepaid to the parties on the attached service list.

HAROLD B. MURPHY,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Kathleen R. Cruickshank
Kathleen R. Cruickshank (BBO #550675)
MURPHY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108
Tel: (617) 423-0400
Email: *kcruickshank@murphyking.com*

DATED: June 12, 2014
670976

**OPK BIOTECH, LLC**
**SERVICE LIST**

**BY FIRST CLASS MAIL:**

Hamilton Brooks Smith Reynolds
530 Virginia Road
P.O. Box 9133
Concord, MA  01742

Airgas Inc.
PO Box 827049
Philadelphia, PA  19182-7049

NStar Electric
P.O. Box 660369
Dallas, TX  75266-0369

Eleven Hurley Street Associates
c/o Vernon R Brown Inc.
24 Gray Street
Arlington, MA  02476

CM Research
Second Floor 61A Rosebery House
South Street, Epsom
Surrey United Kingdom,  KT18 7PX

William Gallagher Associates
470 Atlantic Ave.
Boston, MA  02210

Therapure BioPharma, Inc.
2585 Meadowpine Boulevard
Mississauga, Canada, ON  L5N 8H9

NStar Gas
P.O. Box 660369
Dallas, TX  75266-0369

Blue Cross Blue Shield of MA
Box 371318
Pittsburgh, PA  15250

Food and Drug Administration
P.O. Box 953877
Str. Louiis, MO  63195-3877

Cleary Consulting Inc
21 Merchants Row
Boston, MA  02109

Azzur Group LLC
P.O. Box 940
Southampton, PA  18966

Spark Energy Gas, LP
PO Box 4328
MSC#350
Houston, TX  77210

OPK Biotech-RUS
23, bldg. 1, Bolshaya Dmitrovka St
125009, Moscow, the Russian Fed,

OSI Software
777 Davis Street
San leandro, CA  94577

European Medicines Agency
7 Westferry Circus
Canary Wharf
London,  E14 4HB

Marc S. Ellenbogen
Zahrebska 23-25
Prague,  12000

Tarvis Realty LLC
P.O. Box 84
Winchester, MA  01890

World Courier
P.O. Box 62277
Baltimore, MD  21264

SAFA Advisory Limited
Nathan Alexander Medlock
37 Broad Street , First Floor
St. Helier, NJ JE2 3RR

OPK Biotech, LLC
c/o CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

Justine Jacome
Argus Management Corp.
15 Keith Hill Road, Suite 100
Grafton, MA 01519

John Haggerty
Argus Management Corp.
15 Keith Hill Road, Suite 100
Grafton, MA 01519

**BY CM/ECF:**

- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Leonard A. Frisoli    laf@frisolilaw.com
- David B. Madoff    madoff@mandkllp.com, alston@mandkllp.com